UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
MELVIN DUBINSKY, :
:
                Plaintiff, :
: 24-CV-10007 (VSB)
         -against- :
: **ORDER**
:
MICHAEL ALPERSTEIN, *et al*., :
:
               Defendants. :
:
----------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

       On December 30, 2024, Plaintiff, proceeding *pro se*, filed this action against Defendants. (Doc. 1.)  Plaintiff has paid the filing fees.  On January 7, 2025, I issued an Order of Service directing the Clerk of Court to issue summonses as to Defendants Michael Alperstein and Andrea Glenn Loigman.  (Doc. 4.)  The Order of Service extended Plaintiff's deadline to effectuate service to "to 90 days from the date the summonses issue," and stated that "[i]f within those 90 days, Plaintiff has not either served the summons or requested an extension of time to do so, I may dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." (*Id*.)  Summonses issued as to Alperstein and Loigman on January 10, 2025. (Doc. 5.)  Thus, Plaintiff's deadline to effectuate service was April 10, 2025.

       To date, Plaintiff has not filed an affidavit of service or taken any other action to prosecute this case.  I note that although Plaintiff filed an amended complaint on February 21, 2025, "[t]he filing of an amended complaint does not restart the 90 day period for service under Rule 4(m) with respect to defendants named in the original complaint." *Hernandez v. Lira of New York Inc.*, No. 20-CV-4457, 2023 WL 2647639, at *3 (S.D.N.Y. Mar. 27, 2023) (internal quotation marks omitted).  Additionally, "a plaintiff's *pro se* status is no excuse for failure to

serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m)." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013) (internal quotation marks omitted). Accordingly, it is hereby:

ORDERED that, no later than May 14, 2025, Plaintiff shall submit a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (internal quotation marks omitted). "District courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay." *Id.* (internal quotation marks omitted). "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) (citing *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir.1991), *aff'd*, 173 F.3d 844 (2d Cir. 1999)). Plaintiff is warned that failure to submit a letter and to demonstrate good cause for failure to serve Defendants within ninety days of the date the summonses were issued will result in dismissal of this action.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff at the address on file.

SO ORDERED.

Dated:   April 17, 2025
         New York, New York

*(signature)*
VERNON S. BRODERICK
United States District Judge